UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

DEREK SLOANE,

               Plaintiff,

    -against-

SUPT. BENNIE THORPE,

             Respondent.

------------------------------------------------------------X

**ORDER**

25 Civ. 7479 (NSR)(JCM)

Presently before the Court is *pro se* plaintiff Derek Sloane's ("Plaintiff") application for the appointment of *pro bono* counsel. (Docket No. 25). For the reasons set forth below, the Court denies Plaintiff's request with leave to renew should circumstances change.

Although there is no constitutional right to counsel in civil cases, including in habeas corpus proceedings, the Court has the authority to appoint an attorney for any person unable to afford counsel. *See* 28 U.S.C. § 1915(e)(1); *Green v. Abrams*, 984 F.2d 41, 47 (2d Cir. 1993). However, "[b]road discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986) (citation omitted). The Court undertakes a two-step inquiry in analyzing whether appointment of counsel is appropriate. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203-04 (2d Cir. 2003). First, the Court "determine[s] whether the indigent's position seems likely to be of substance." *Id.* at 203 (quoting *Hodge*, 802 F.2d at 61). Second, the Court considers other factors such as Plaintiff's "ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason ... why appointment of counsel would be more likely to lead to a just determination." *Id.*

1

at 203-04 (quoting *Hodge*, 802 F.2d at 61-62). "The same standards apply in determining whether ... to appoint counsel for a petitioner in a habeas proceeding." *Martinson v. U.S. Parole Comm'n*, No. 02 Civ. 4913 (DLC)(DF), 2004 WL 203005, at *3 (S.D.N.Y. Feb. 2, 2004)[1] (collecting cases). In habeas cases, "[t]he governing rules require the appointment of counsel only when an evidentiary hearing is needed." *Id.*, at *2 (citing Rule 8(c) of the Rules Governing Section 2254 Cases).

This is Plaintiff's first application for the appointment of *pro bono* counsel in this matter. Upon review of the record, the Court notes that Plaintiff was granted leave to proceed *in forma pauperis* on November 3, 2025. (Docket No. 8). Thus, Plaintiff has demonstrated that he is indigent and cannot afford counsel. *See Martinson*, 2004 WL 203005, at *3. The Court further assumes for the purposes of this application that Plaintiff's claims may have merit.

The Court has reviewed the entire record, including Plaintiff's current application for appointment of counsel, and considered the type and complexity of this case, as well as Plaintiff's ability to represent himself. In his letter, Plaintiff argues that he requires the assistance of counsel because his "lack of legal experience and the complex discovery rules clearly put [him] at a disadvantage." (Docket No. 25 at 1). Plaintiff also argues that appointing counsel would allow him "to obtain representation equally qualified with the professional counsel usually provided by the state for the Respondent." (*Id.* at 1-2).

Based on this review, the Court determines there are no complex issues involved, nor is discovery typically allowed in habeas corpus proceedings. *See Pizzuti v. United States*, 809 F.

---

[1] If Plaintiff does not have access to cases cited herein that are available only by electronic database, then he may request copies from Respondent's counsel. *See* Local Civ. R. 7.2 ("Upon request, counsel shall provide the pro se litigant with copies of such unpublished cases and other authorities as are cited in a decision of the Court and were not previously cited by any party.").

Supp. 2d 164, 175 (S.D.N.Y. 2011) ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course.") (quoting *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)).  In addition, Plaintiff independently filed the Petition for Writ of Habeas Corpus, (Docket No. 1), and a request to proceed *in forma pauperis*, (Docket No. 5). Plaintiff also notified the Court that he filed a second habeas petition, (Docket No. 9), and subsequently complied with the Court's instructions to file an amended petition, (Docket Nos. 10, 14).  Moreover, Respondent has not yet answered the petition (the deadline is May 8, 2026) and Plaintiff's reply is not due until June 8, 2026. (Docket No. 23).  Thus, Plaintiff has so far shown an ability to represent himself.  In addition, the Court is unable to conclude at this time that an evidentiary hearing is needed.  If required, the Court will appoint counsel as set forth in Rule 8(c) of the Rules Governing Section 2254 Cases. *See Martinson*, 2004 WL 203005, at *2.

Accordingly, Plaintiff's application for appointment of counsel, (Docket No. 25), is denied with leave to renew should circumstances change.

The Clerk of Court is respectfully requested to mail a copy of this Order to the *pro se* Plaintiff.

Dated:  April 22, 2026
      White Plains, New York

**SO ORDERED:**

_____
JUDITH C. McCARTHY
United States Magistrate Judge

3